CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, PROSECUTOR, v. HUDSON COUNTY BOARD OF TAXATION AND DORA MOSKOVITZ, DEFENDANTS.

Argued May 5, 1943—Decided June 28, 1943.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Charles A. Rooney, John F. Lynch, Jr.,* and *Arthur C. Mullen.*

For the defendant Dora Moskovitz, *Wilbur L. Ross* and *Jacob Siegel.*

*Amicus curiæ*, on behalf of the Commissioner of Banking and Insurance, *John Warren.*

The opinion of the court was delivered by

CASE, J. Prosecutor did not follow the statutory practice of appealing to the State Board of Tax Appeals from a judgment of the Hudson County Board of Taxation by which it claims to be aggrieved. The special ground upon which the application for a writ of *certiorari* was sought was that the number of litigated assessments was so great that if there were, as prosecutor alleged, faults common to many upon which the court would ultimately reverse, it was in the common interest, for reduction of litigation, that an opportunity be given to review one case by writ addressed immediately to the county board. We must not, however, be understood as passing upon any of the many appeals that are not now before us. This is not a group decision. We decide only the case in hand.

The newly appointed five-man Hudson County Tax Board was confronted with approximately 14,000 appeals from the 1942 assessments; 9,700 of them originating in the City of Jersey City. Addressing itself to the task, the board, by resolution adopted on August 21st, 1942, divided itself into five parts, one member to each part, for the hearing of the petitions of appeal, and directed four of the parts to sit severally on August 24th, 25th, 26th, 27th and 28th for the taking of testimony in the cases listed for those days and that thereafter "each of said members" should "report upon each of said matters so heard by him for final determination" by the board. The Moskovitz appeal, concerning Jersey City real estate, was heard by Commissioner Rosenblum on August 26th. At the beginning of the day the city attorney made three motions comprehensive of all the matters to be heard on that day; first, that an official court stenographer be designated to take the complete transcript of the testimony for use by the board to assist it in its deliberations in reaching its judgments; second, in the alternative, that the city be permitted to furnish, at its expense, an official court stenographer to make a stenographic report; third, that the

city attorney be then permitted to examine the petitions of appeal filed by the various appellants. All of the motions were denied. We are not informed why the proceedings were not taken down stenographically or why an examination of the petitions of appeal was not permitted. The refusals seem rather unusual and yet we are unwilling to hold that under the circumstances they constitute reversible error. The first request for a stenographer was not accompanied by an offer to pay the cost and it involved a mandatory use which was not supported by the statute, R. S. 2:102-1. The second, also, was not accurately phrased in the terms of the statute. The demand to examine all of the original copies of numerous petitions of appeal just as the hearings were beginning could well have been anticipated by an earlier examination that would not have interrupted the course of the hearings. The copy of petition filed with the city clerk under the statute lacked some of the details endorsed on the original paper but nevertheless conformed to the practice that had prevailed there for years without objection. So far as appears certain motions addressed in the cause to the board on August 19th and September 9th were without notice to and not in the presence of the owner or her attorney and were therefore ineffective.

On November 5th, 1942, at 5 P. M. the five members of the board met for conference and decision. They later adjourned for dinner; and one of the members was excused from 7:30 until 10 o'clock in order to conduct other hearings. With those exceptions the board remained together until 12:15 o'clock. During that session 850 appeals were decided; among them was the Moskovitz case in which the judgment was signed by Messrs. Donovan, Ziegener and Wilkens. The authority of the board to delegate the taking of testimony to one or more of its members was contained in R. S. 54:3-20.1 providing:

"The board may, as occasion shall require, by order, refer to one or more of its members the duty of taking testimony in a matter pending before it, and to report thereon to the board, but no determination shall be made therein except by the board."

The county board of taxation is a special tribunal, and it is well settled that such tribunals should show upon the face of their record all facts necessary to give jurisdiction. *Eatontown* v. *Monmouth Electric Co.,* 75 *N. J. L.* 459, 462; *Nixon* v. *Ruple,* 30 *Id.* 58. The board record does not show any report by Commissioner Rosenblum on the Moskovitz hearing although a report was required both by the resolution making the reference and by the statute *supra.* There was an effort, over objection, to supply the deficiency in the record by the testimony of Commissioner Doherty (given under rule after the writ issued) that there was such a report submitted in the handwriting of Mr. Rosenblum. That form of proof was not competent to correct a deficiency in the record. Moreover, neither Mr. Doherty nor Mr. Rosenblum were of those members who signed the judgment and thus created the board action; and the written memorandum, although used by Mr. Doherty in giving his testimony, was not put in evidence. Competent proof that a comprehensive report of the pertinent testimony was placed before a statutory tribunal sitting in a *quasi*-judicial capacity is not only the requirement of the applicable statute; it is an incident to the ordinary requirements of "fair play." *Morgan* v. *United States,* 304 *U. S.* 1; 82 *L. Ed.* 1129; *Redcay* v. *State Board of Education,* 128 *N. J. L.* 281. The record, in failing to show that a report was made, failed to show that which was necessary in order to give jurisdiction to the board to decide a case wherein it had not heard the testimony upon which the decision was being rendered. We do not undertake to decide whether that omission may be remedied by an amendment of the record or whether the facts of the case are such as to support a suitable amendment; those questions are not argued.

Depositions were taken *pro* and *con* on the subject of value; but as our decision brings us to a reversal on jurisdictional grounds it seems inappropriate to discuss the proofs on value further than to say that they appear to present simply a question of fact.

The judgment below will be reversed, without costs.