This appeal is from an order of the Board of Public Utility Commissioners, made pursuant to R.S. 48:2-14, approving the municipal consent of the City of Jersey City granted to the Marion Bus Transportation Co., Inc., for an extension of its existing route for a distance of approximately two and one-fifth miles. The extension is an east-west cross-town route in the Greenville section of Jersey City and crosses several north-south bus routes. Bus owners operating over the Central Avenue bus route (one of the north-south bus routes crossed) appeal.
R.S. 48:2-14 provides:
"No privilege or franchise * * * to any public utility * * * shall be valid until approved by the board. Such approval shall be given when, after hearing, the board determines that the privilege or franchise is necessary and proper for the public convenience and properly conserves the public interests. In granting its approval the board may impose such conditions as to construction, equipment, maintenance, service or operation as the public convenience and interests may reasonably require. * * *"
Appellants' first point is "that the delegation of legislative authority conferred upon the Board of Public Utility Commissioners by R.S. 48:2-14 is an unconstitutional delegation of legislative authority, because said statute does not contain any definite or adequate standard under and by virtue of which the authority so delegated can be exercised, or by which standards the Board can measure the facts or proofs submitted to it." The statute does contain a sufficient basic standard, namely, "that the privilege or franchise is necessary and proper for the public convenience and properly conserves the public interests," which sets forth a definite and certain policy and rule of action for the guidance of the agency created to administer the law. Thus, it meets the constitutional test set forth in Van Riper v. Traffic Tel. Workers' Fed. of N.J.,2 N.J. 335 (1949). This language of R.S. 48:2-14 setting forth the standard has come down unchanged from the Public Utility Act of 1911 (P.L. 1911, c. 195, § 24). Substantially the same language is used in setting *Page 282 
forth the basic standard in many state and federal public utility acts, and it has uniformly withstood attack on the constitutional ground urged here. 87 A.L.R. 551 c.
The appellants challenge the order of the board (1) because it fails to disclose on its face that the testimony was read or made known to anyone other than Commissioner Powers, who heard the case, and (2) because it does not show that a majority vote was taken. No authority for any such requirements has been cited to us and we know of none. Even if a legal basis existed for the first challenge, it was met here by the uncontradicted recitals of the order that the determination of the board was made after "analyzing the record" and "upon consideration of the entire evidence submitted." As to the second challenge, no claim is made that a majority of the board did not vote for the order, and the order itself recites that "the Board finds and determines * * *" and it was signed "Board of Public Utility Commissioners, by John E. Boswell, President" and attested by "Emmett T. Drew, Secretary." We find no merit in either challenge. Jersey City v.Hudson County Board of Taxation, 130 N.J.L. 309 (Sup. Ct.
1943), relied on by appellants, is not in point. In that case the County Board record did not show any report on the hearing by the single hearing commissioner, although a report was required both by the resolution making the reference and by the applicable statute.
Appellants next argue that "no evidence was adduced to reasonably support the order upon the ground that public convenience and necessity had been proved and that it properly served public interest." The order of the board determined that the extension of the rule "is necessary and proper for the public convenience and properly conserves the public interest" and our examination of the record leads us to the conclusion that there was evidence before the board to justify their action and to reasonably support it. Under such circumstances, this court will not disturb the adjudication of the board. Fornarotto v. PublicUtility Commissioners, 105 N.J.L. 28 (Sup. Ct. 1928).
The order under appeal is affirmed. *Page 283